**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| ROBERT DRAYTON BOWEN,<br><br>*Plaintiff*,<br><br>v.<br><br>WESTON WAMP, et al.<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:26-cv-208<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Christopher H. Steger |

---

**MEMORANDUM AND ORDER**

---

Plaintiff, a former prisoner at the Hamilton County Jail, filed a pro se civil rights action under 42 U.S.C. § 1983 (Doc. 1) and motion for leave to proceed *in forma pauperis* (Doc. 4). For the reasons set forth below, the Court will **GRANT** Plaintiff's motion and **ORDER** Plaintiff to file an amended complaint if he wishes to pursue this litigation.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Under 28 U.S.C. § 1915, the Court may generally "authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Although the relevant statute specifically references the "assets such ***prisoner*** possesses," *id.* (emphasis added), the Sixth Circuit has construed the statute to extend to non-prisoners who apply to proceed *in forma pauperis*. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded by rule on other grounds as stated in Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999). When assessing whether to permit an individual to proceed without paying the filing fee, the Court is

not concerned with whether the applicant is destitute, but rather, "whether the court costs can be paid without undue hardship." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). The Court considers all the resources potentially available to the applicant, including those of a spouse or other family members. *See Ciavarella v. Comm'r of Soc. Sec.*, No. 5:13-CV-2031, 2013 WL 5354091, at *1 (N.D. Ohio Sept. 24, 2013) (citation omitted).

It appears from the documentation provided that Plaintiff cannot bear the filing fee without undue hardship. Accordingly, the Court will **GRANT** Plaintiff's motion (Doc. 4) to proceed *in forma pauperis*.

## II. SCREENING OF COMPLAINT

### A. Standard

Because Plaintiff is proceeding *in forma pauperis*, this Court must screen the complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) ("Because Hill's lawsuit seeks redress from governmental officers, and because Hill proceeded *in forma pauperis*, the district court screened Hill's complaint as required by 28 U.S.C. §§ 1915A and 1915(e)(2)(B).").

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B)] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill*, 630 F.3d at 470–71. Thus, to survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**B. Plaintiff's Allegations**

While Plaintiff was housed at the Hamilton County Jail, Defendants Jane Doe #2 and Deputy Wyatt "left" him for five days without a blanket and without a change of clothes for approximately one month. (Doc. 1, at 3–4.) Defendant Wyatt lost Plaintiff's laundry, and Defendant Doe #2 denied Plaintiff a replacement of those items. (*Id.*) "After a month of not being able to shower, Plaintiff Bowen developed an infection." (*Id.*) Plaintiff placed a medical call, after which Deputy Davis obtained another set of clothes for Plaintiff. (*See id.*)

Aggrieved, Plaintiff filed this action against Hamilton County Mayor Weston Wamp, Sheriff Austin Garrett, and Deputy Chief of Corrections Timothy A Davis in their official capacities as parties "indirectly responsible[,]" and Defendants Wyatt and Doe #2 in both their individual and official capacities. (*Id.* at 2–5.) Plaintiff seeks both monetary and injunctive relief. (*See id*. at 6.)

**C. Analysis**

**1. Official-Capacity Claims**

Because Defendants are all employed by Hamilton County, suit against any individual Defendant in his or her official capacity is the equivalent of suit against Hamilton County itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity") (citation omitted)). But to sustain an official-capacity claim against any Defendant, Plaintiff must allege facts indicating

that a policy or custom of Hamilton County caused him constitutional injury. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"). The allegations of Plaintiff's complaint do not permit the plausible inference that a Hamilton County policy or custom deprived Plaintiff of his constitutional rights. Accordingly, all official-capacity claims against Defendants will be dismissed.

**2. Individual-Capacity Claims**

To sustain a claim against Defendants Wyatt and/or Doe in their respective individual capacities, Plaintiff must adequately plead that each Defendant's own actions violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted) (citation omitted)).

Plaintiff complains about the conditions under which he was confined. With regard to conditions-of-confinement claims, the Sixth Circuit has held:

> [A] conditions-of-confinement claim has two elements. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. Second, the prison official's state of mind [must be] one of deliberate indifference to inmate health or safety.

*Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006) (internal citations and quotation marks omitted) (alteration in original), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). As to the first element, it is well-established that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Rather, only "extreme deprivations" that deny a prisoner "the minimal civilized measure of life's necessities" will

establish a cognizable conditions-of-confinement claim. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992) (citations and internal quotation marks omitted). And regarding the second element, a defendant demonstrates deliberate indifference to a pretrial detainee[1] by acting "deliberately" and "recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021) (citation omitted).

As pled, Plaintiff's complaint fails to state a cognizable claim. As an initial matter, Plaintiff does not disclose when he was housed in the Hamilton County Jail and when these complained-of events occurred. And it is not clear whether Plaintiff did not have a blanket and a change of clothes because Deputy Wyatt allegedly lost Plaintiff's clothes, or whether the lost clothes and denial of clothes/blanket involve two separate incidents. Nevertheless, the mere denial of clean clothing and bedding for a month is not an extreme deprivation that will support a constitutional violation. *See, e.g.*, *Perkins v. Sheahan*, No. 03-C-8534, 2005 WL 1564976, at *3 (N.D. Ill. May 10, 2005) ("Being denied clean clothes and bedding for thirty days, though unpleasant, is not a deprivation serious enough to support an Eighth Amendment claim."); *Williams v. Nolan*, No. 2:25-CV-115, 2025 WL 23388203, at *3 (W.D. Mich. August 18, 2025) (finding 30-day denial of clean clothing, alone, does not implicate the Eighth Amendment and collecting cases).

Further, Plaintiff alleges that he was unable to shower for a month, but he has not alleged any facts indicating why he was unable to shower and/or the identity of anyone who prohibited him from showering. Plaintiff links his infection to his inability to shower, but it is unclear

---

[1] Although Plaintiff does not disclose his custodial status in his complaint, the Court presumes that he was a pretrial detainee at all relevant times and thus subject to the less demanding test of the Fourteenth Amendment. *Morgan ex. rel Morgan v. Wayne Cnty.*, 33 F.4th 320, 326 (6th Cir. 2022) (noting the Eighth Amendment standard is "more demanding").

whether he is also suggesting that he developed an infection because he did not have clean clothes. And Plaintiff does not state what kind of infection he developed or any basis for his belief that it was somehow connected to Defendants (in)action. Therefore, Plaintiff has not alleged facts to "nudg[e] his claim[s] . . . from conceivable to plausible" to state a colorable constitutional claim. *Iqbal*, 556 U.S. at 683 (citation and internal quotation marks omitted).

Further, even if the facts pled by Plaintiff were sufficient to render one or more of his allegations colorable against Jane Doe #2, there is an added wrinkle. A case cannot progress against an unknown Defendant. *See Smith v. City of Chattanooga*, No. 1:08-CV-63, 2009 WL 3762961, at *5 (E.D. Tenn. Nov. 4, 2009) ("A civil action cannot be commenced against a fictitious party such as an unknown John Doe.") (citing *Bufalino v. Mich. Bell Tel. Co*., 404 F.2d 1023, 1028 (6th Cir. 1968))). Instead, "until an amendment adding additional defendants has been permitted by the court," allegations against an unknown defendant "are merely 'surplusage[.]'" *Dunn v. Paducah Int'l Raceway*, 599 F. Supp. 612, 613 n. 1 (W.D. Ky. 1984) (citing *Hannah v. Majors*, 35 F.R.D. 179, 180 (W.D. Mo. 1964)). Accordingly, this case cannot proceed against Jane Doe #2 until and unless her identity is known.

However, the Court will permit Plaintiff an opportunity to file an amended complaint to cure these deficiencies. Therefore, Plaintiff is **ORDERED** to file an amended complaint **within 14 days** that specifies the month, day, and year of the events giving rise to each claim in this lawsuit, the specific factual basis for his claims, and the names of the individual(s) responsible. The Clerk will be **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff is **NOTIFIED** that the Court will only address the merits of Plaintiff's claims that relate to his initial complaint. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims that do not relate to his original complaint, and he is advised that any such claims will be **DISMISSED**. Further, Plaintiff is **NOTIFIED** that this

amended complaint will be the **sole operative complaint** that the Court considers, and therefore, it **must** be complete in and of itself and must not refer to any previously filed allegations or pleadings.

Plaintiff is **NOTIFIED** that if he does not file an amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to state a claim and for failure to prosecute and comply with an order of the Court.

Finally, Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any other kind of motion for relief until after the Court has screened the amended complaint, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any motions filed before the Court has completed this screening.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED**;

2. Plaintiff's official-capacity claims are **DISMISSED**;

3. As Defendants Weston Wamp, Austin Garrett, and Timothy Davis are sued solely in their respective official capacities, these Defendants are **DISMISSED**;

4. Plaintiff is **ORDERED** to submit an amended complaint in accordance with the directives above **within fourteen (14) days** of entry of this Order. The Clerk is **DIRECTED** to send Plaintiff a § 1983 form for this purpose;

5. If Plaintiff fails to timely submit an amended complaint, this action will be dismissed for failure to state a claim and failure to prosecute and comply with an Order of the Court; and

6. Plaintiff must immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

***/s/ Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**