**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| ROBERT DRAYTON BOWEN,<br><br>*Plaintiff*,<br><br>v.<br><br>DEPUTY WYATT and<br>MS. SADIE,<br><br>*Defendants*. | ) ) ) ) ) ) ) ) ) ) | No.: 1:26-CV-208<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Christopher H Steger |

**MEMORANDUM OPINION**

Plaintiff is proceeding pro se and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983, which concern events that transpired while he was a pretrial detainee housed at the Hamilton County Jail (*See* Doc. 6). Upon screening Plaintiff's initial complaint, the Court found it failed to state a claim but permitted Plaintiff an opportunity to file an amended complaint (*Id.*). In response, Plaintiff filed an amended complaint (Doc. 7) that is now before the Court for screening to determine whether it states a justiciable claim. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court finds it does not.

## I. SCREENING STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must screen the complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) ("Because Hill's lawsuit seeks redress from governmental officers, and because Hill proceeded *in forma pauperis*, the district court screened Hill's complaint as required by 28 U.S.C. §§ 1915A and 1915(e)(2)(B)).").

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under (28 U.S.C. §§ 1915(e)(2)(B)) because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill*, 630 F.3d at 470–71. Thus, to survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff was housed at the Hamilton County Jail ("Jail") from February 21, 2025, until March 6, 2026 (Doc. 7, at 3). During that time, there were numerous violations of the Inmate Handbook, which guarantees prisoners the right to "nutritious meals, proper bedding and clothing, clean laundry, opportunity to shower regularly, proper ventilation for warmth and fresh air, a regular exercise period, toiletries, medical and dental treatment" (*Id.*).

On or about June 12, 2025, Defendant Deputy Wyatt was in charge of laundry duty when inmates from the upper-level cells stole the laundry bags of lower-level inmates (*Id.*). Plaintiff's laundry bag was among the stolen laundry bags (*Id.*). As a result, Plaintiff only had a towel with which to cover and stay warm (*Id.*).

On June 13, 2025, Plaintiff filed a request to Defendant Ms. Sadie in support services to replace Plaintiff's blanket and net bag (*Id.* at 4). Deputies searched the lower-level cells but did not search the upper-level cells (*Id.*).

On June 17, 2025, Plaintiff wrote Ms. Weems a request for a legal form "and the issue with the blanket" because Plaintiff was blocked from using the kiosk system (*Id.*). Ms. Weems stated that "the blanket was not her job, but (that she) could not believe that one of the deputies would not give the (P)laintiff a blanket" (*Id.*). Around 5:30 p.m. that evening, Deputy Stockwell gave Plaintiff a blanket (*Id.*).

Around September 9, 2025, Defendant Wyatt lost Plaintiff's laundry, which included his clothes, towels, and a washcloth (*Id.*). Plaintiff told Deputy Swartz about the situation, and he told Plaintiff to file a request with Ms. Sadie (*Id.*). Plaintiff filed a request for replacement on September 26, 2025, that was denied (*Id.*). Plaintiff filed a grievance the same day (*Id.*).

On October 1, 2025, Deputy Smith was on laundry duty, and Plaintiff spoke with him about the missing laundry (*Id.* at 4–5). "Deputy Smith said he would see what he could do" (*Id.* at 5).

On October 3, 2025, Defendant Wyatt was on laundry duty, and Plaintiff informed him that he "was shorted his laundry() last time" (*Id.*). Defendant Wyatt called Plaintiff a liar and told him not to send his laundry out "if there was a problem" (*Id.*).

Plaintiff filed a grievance on October 10, 2025, "in an attempt to be able to shower and have a clean jumpsuit for court" (*Id.*).

On October 24, 2025, Plaintiff filed a medical request related to "irritation and pain of an infection in the groin area" (*Id.*). Two days later, medical evaluated Plaintiff and gave him a pill

and a prescription for lotion (*Id.*). Plaintiff was charged $10 for the visit and $5 for the prescription (*Id.*).

"With the rule of always wearing your jumpsuit properly, the Plaintiff could not come out of his clothes in order to wash them" (*Id.*). With no clean clothes to change into or anything to dry off with, simply "be(ing) wet and dress(ing) with filthy clothes" would have done "no good" (*Id.*).

There were "other days that laundry service was not provided, or they came on the same day. The posted schedule did not matter, because it was not followed" (*Id.* at 6). And while the Inmate Handbook provides that inmates will be issued two blankets, Plaintiff was never issued a second blanket (*Id.*). On several days, inmates could not get in the dayroom to shower (*Id.*).

Aggrieved, Plaintiff sues Defendants Wyatt and Ms. Sadie in both their individual and official capacities, seeking both monetary damages and injunctive relief (*Id.* at 7).

## III. ANALYSIS

### A. Official-Capacity Claims

Plaintiff's suit against Defendants Wyatt and Ms. Sadie in their official capacities is the equivalent of suit against Hamilton County itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). So, to sustain an official-capacity claim against either Defendant, Plaintiff must allege sufficient facts to permit the plausible inference that a policy or custom of Hamilton County violated his constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"). The allegations of Plaintiff's amended complaint do not permit any such plausible inference.

In fact, the only factual allegations in the amended complaint that might possibly implicate the County are Plaintiff's claims that he was charged a fee for his medical visit and prescription, presumably pursuant to a policy of the Jail (*See* Doc. 7, at 5). But "(i)t is not against any established law to require inmates to pay for their medical care, as long as medical care is not denied them if they are unable to pay." *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1276–77 (11th Cir. 2020). Plaintiff does not allege that he was denied medical treatment due to cost, and, therefore, this allegation fails to state a claim against Hamilton County. Therefore, all official-capacity claims against Defendants will be dismissed.

**B. Individual-Capacity Claims**

To sustain a claim against the Defendants in their respective individual capacities, Plaintiff must adequately plead that each Defendant's own actions violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).

As set forth above, Plaintiff alleges constitutional violations related to (1) missing laundry in June 2025 and the lack of a blanket for 5 days; (2) lost laundry in September 2025; (3) laundry services in October 2025; (4) a medical evaluation and related co-pays in October 2025; (5) inconsistency in following the laundry-service schedule; (6) failure to follow the Inmate Handbook's requirements; and (7) inmates' inability to get into the dayroom to shower on some days (Doc. 7, at 3–6).

However, Plaintiff has not alleged any facts indicating that either Defendant Wyatt or Defendant Ms. Sadie had any involvement in whether Plaintiff was charged medical fees, had access to the shower in the dayroom, or was issued a second blanket in compliance with the Inmate Handbook. Even so, as the Court noted above, imposing medical fees on Plaintiff for

medical care does not violate his constitutional rights. *See Hoffer*, 973 F.3d at 1276–77. Neither does it violate Plaintiff's constitutional rights simply that he "could not get to the shower" on "several days" during his incarceration. *See, e.g.*, *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (holding that deprivation of a shower and other personal hygiene items for a 'brief span of time' . . . is not actionable conduct" (citation omitted)). And the Inmate Handbook does not provide Plaintiff a constitutionally protected source of rights. So, the failure to follow it does not give rise to a constitutional violation. *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (finding failure to follow policy directive does not rise to the level of a constitutional violation because a policy directive does not create a protectible liberty interest). Therefore, these claims will be dismissed.

This leaves Plaintiff's claims that Defendant Wyatt lost Plaintiff's laundry on June 12, 2025, and September 9, 2025; that Defendant Wyatt called Plaintiff a liar when Plaintiff told him on October 3, 2025, that his laundry was "shorted" the last time Defendant Wyatt was on duty; and Defendant Ms. Sadie denied Plaintiff's request for laundry replacement on September 26, 2025 (*See generally* Doc. 7).

A one-year statute of limitations applies to Plaintiff's claims. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Tenn. Code Ann*. § 28-3-104; *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a § 1983 claim). Under federal law, a cause of action accrues, and the limitations period begins to run, when the injury forming the basis of the claim is discoverable. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)). Here, Plaintiff knew of his lost June 2025 laundry at the time the incident occurred, but he did not initiate this civil action until July 16, 2026 (*See* Doc. 1). Therefore, Plaintiff's claims related to the June 2025 laundry incident(s) are barred by the statute of limitations and

will be dismissed. *See In re Royal Manor Mgmt., Inc.*, 652 F. App'x 330, 339–40 (6th Cir. 2016) (noting that "courts have no authority" to modify "statute-of-limitations deadlines").

And in order to state a claim related to the deprivations alleged to have occurred in September and October 2025, Plaintiff must satisfy two elements. First, Plaintiff must allege an "objectively, sufficiently serious" deprivation. *Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006) (quoting *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In considering the seriousness of a deprivation, courts must acknowledge that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Rather, only "extreme deprivations" that deny a prisoner "the minimal civilized measure of life's necessities" will satisfy this standard. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992) (citations and internal quotation marks omitted). And to satisfy the second element, Plaintiff must allege facts rendering it plausible that "the prison official's state of mind (is) one of deliberate indifference to inmate health or safety." *Spencer*, 449 F.3d at 728. The requirement of deliberate indifference is satisfied "only if (the official) knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Although Plaintiff complains of lost laundry in September 2025, he does not specifically allege that the lost laundry contained all his spare clothing and towels. And his allegations are conflicting in this regard. On the one hand, he maintains he complained to Defendant Wyatt only that he was "shorted" his laundry in September 2025 (Doc. 7, at 5). On the other, he indicates that he did not shower during this period because he would have had to dress back in dirty clothes (*Id.*). However, even assuming all Plaintiff's spare clothing was lost in September 2025, Plaintiff does not allege that Defendant Wyatt deliberately lost the clothing, nor does he allege that he requested and was denied a change of clothing from Defendant Wyatt when he

confronted Defendant Wyatt about the "shorted" laundry on October 3, 2025 (*Id.*). He alleges only that Defendant Wyatt called him a liar and was sarcastic or dismissive of Plaintiff's complaint about the missing laundry (*Id.*). And such name calling and/or harassment does not raise a constitutional issue. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). Therefore, Plaintiff's allegations against Defendant Wyatt regarding the lost laundry do not satisfy the second component of a deliberate indifference claim.

Plaintiff's allegations do not satisfy the "objectively, sufficiently serious" element, either. Even if the Court assumes that Plaintiff was forced to wear the same clothing for approximately a month due to the lost laundry, the denial of clean clothing for that period of time, without more, will not support a constitutional violation. *See, e.g., Perkins v. Sheahan*, No. 03-C-8534, 2005 WL 1564976, at *3 (N.D. Ill. May 10, 2005) ("Being denied clean clothes and bedding for thirty days, though unpleasant, is not a deprivation serious enough to support an Eighth Amendment claim."); *Williams v. Nolan*, No. 2:25-CV-115, 2025 WL 2388203, at *3 (W.D. Mich. August 18, 2025) (finding 30-day denial of clean clothing, alone, does not implicate the Eighth Amendment and collecting cases).

The Court notes, however, that a prisoner may state a claim for damages based on unsanitary clothing if he "suffered a physical injury or a disease as a result(.)" *Hill v. Matthews*, No. 1:19-cv-853, 2020 WL 502607, at *10 (W.D. Mich. Jan. 31, 2020) (quotation omitted). In his amended complaint, Plaintiff alleges that he developed an infection (Doc. 7, at 5). Absent from the amended complaint, however, are any factual allegations connecting Plaintiff's infection to the laundry services. Therefore, the Court cannot reasonably infer a plausible § 1983 claim based on the fact that Plaintiff developed an infection. *See Caraway v. CoreCivic of Tenn., LLC*, 98 F.4th 679, 686 (6th Cir. 2024) ("In a § 1983 claim, it's not enough to simply state that the causation requirement is satisfied; that legal conclusion must be supported by '(s)ome

factual basis' showing the causal link.") (Quoting *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986)).

Further, the allegations of the amended complaint make it clear that Plaintiff had access to a shower during this period but chose not to avail himself of a shower (Doc. 7, at 5). Therefore, despite permitting Plaintiff an opportunity to amend his complaint to allege facts that might permit a plausible conditions-of-confinement claim based on the fact Plaintiff developed an infection during his incarceration, Plaintiff still has not alleged facts to "nudg(e)" such a claim "from conceivable to plausible." *Iqbal*, 556 U.S. at 683 (quoting *Twombly*, 550 U.S. at 547). All claims against Defendant Wyatt will be dismissed.

Plaintiff's claim against Defendant Ms. Sadie also fails, because—as discussed above—Plaintiff cannot demonstrate that the denial of replacement laundry on September 26, 2025, is an "extreme deprivation" that would give rise to a constitutional claim. *See Hudson*, 503 U.S. at 8–9. Accordingly, all claims against Defendant Ms. Sadie will likewise be dismissed.

## IV. CONCLUSION

For the reasons set forth above, even liberally construing the amended complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

***/s/ Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**